# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 09-10104

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

CASITA ENTERPRISES, INC.; DEXTER AXLE COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(06-CV-1047)

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff United States of America appeals the district court's *sua sponte* dismissal of its claims against the defendants for damages arising from a fire on a national forest. We agree and vacate that order.

This suit arises out of the Mustang Fire which was ignited on June 30, 2002 in the Ashley National Forest in Utah. An investigation of the fire revealed that the fire started when the axle on a travel trailer owned and driven by Atmar Davis broke. Mr. Davis continued to drive and pull the trailer. According

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10104

to the accident reconstruction expert, friction ensued and heated components of the wheel and axle separated from the vehicle, rolled off the road and ignited the drought-stricken grass. The axle being dragged along the road created more sparks which continued to ignite additional fires until Davis was able to stop. The fire burned until July 26, 2002 and damaged over 16,000 acres of national forest land.

The United States filed suit to recover fire suppression and rehabilitation costs resulting from the wildfire. Originally, the suit named Casita Enterprises, Inc. ("Casita"), the manufacturer of the trailer, and Davis and included state and federal claims. In the original complaint, the United States did not allege that the lands affected by the wildfire were owned by the United States, which is required to trigger 28 U.S.C. § 2415(b), which sets the statute of limitations applicable to this claim.[1] Defendant Casita filed a motion to dismiss on that basis and on the grounds that the cause of action was barred by the three year statute of limitations. Section 2415(b) sets a general three year limitations period for actions "founded on a tort", but provides specifically that "an action to recover damages resulting from fire" on lands of the United States must be brought within six years of the time that the right of action first accrues. The United States responded to the motion by arguing that: (1) the petition

---

[1] 28 U.S.C. § 2415(b) reads -

(b) Subject to the provisions of section 2416 of this title [28 USCS § 2416], and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: Provided, That an action to recover damages resulting from a trespass **on lands of the United States**; **an action to recover damages resulting from fire to such lands**; an action to recover for diversion of money paid under a grant program; and an action for conversion of property of the United States **may be brought within six years after the right of action accrues**, . . .

28 USC § 2415 (emphasis added).

adequately alleged federal ownership when it alleged that the Ashley National Forest was part of the National Forest System; and (2) that the six year statute of limitations applied.

Then presiding Judge Boyle denied Casita's motion to dismiss. The court found that the six-year limitations period of § 2415(b) applies to the extent that the United States is alleging that the Mustang Fire caused physical damage to the lands of the United States. Given the early stage of the proceedings, the court declined to accept Casita's argument that fire suppression costs are not "damages resulting from fire" which are subject to the six year limitations period in § 2415(b). Rather, the court left open a decision on whether fire suppression costs were covered. It also found that the United States had sufficiently pleaded federal ownership of the forest when it alleged that the Ashley National Forest is part of the National Forest System; based on this allegation the court concluded that federal ownership of the forest may be rationally inferred. It stated that Casita could pursue discovery to test that inference. The claims against Davis were voluntarily dismissed.

The United States later filed an amended complaint which contained an allegation that the Ashley National Forest and nearby land were owned by the United States. The amended complaint added Dexter Axle Company ("Dexter"), the manufacturer of the axle on the trailer, as a defendant.

The plaintiff, Casita and Dexter all filed motions for summary judgment. Among other bases for dismissal, Casita's motion argued that 28 U.S.C. § 2415(b)'s three year limitation period bars the government's action against it or, at a minimum, the United States' claims for fire suppression costs are time barred because the six year limitations period applies only to rehabilitation costs for damages to federal lands resulting from the fire. Dexter Axle filed a motion for summary judgment adopting Casita's argument on the limitations issues. The United States filed a motion for summary judgment arguing that 28 U.S.C.

No. 09-10104

§ 2415(b) provided a six year statute of limitations for all damages resulting from fire to federal land.

Although no party directly raised the issue, the district court, now presided over by Judge Fish, granted Casita's motion for summary judgment and dismissed the case on the basis that the six year limitation period did not apply because the United States had not established that the fire damaged lands were "lands of the United States" as is required by 28 U.S.C. § 2415(b).

The United States filed a motion for reconsideration under Rule 59(e) and objected to the court's failure to give notice of its intent to dismiss *sua sponte* on a ground not argued by the movers. With that motion, the United States provided evidence of its ownership of the lands in question. The district court denied the motion without explanation. The United States appeals.

The complaint as amended alleges that the fire occurred on federal land. We do not read Casita's motion for summary judgment as challenging federal ownership of the land in the Ashley National Forest. However, even if the district court was entitled to conclude that the motion raised this issue, which is doubtful, the court clearly abused its discretion in denying the government's Rule 59(e) motion. The Rule 59(e) motion attached evidence of the government's ownership of the land, including business records, maps and public documents evincing federal ownership of the Ashley National Forest and BLM lands involved in the Mustang Fire, which evidence the defendants do not challenge. Given the reasonableness of the government's position that it was unaware of any claims by the defendants in the motions for summary judgment that the fire did not occur on federally owned land, once the government provided clear evidence of its ownership with the Rule 59 motion, the district court abused its discretion in refusing to grant that motion.

No. 09-10104

We therefore vacate the district court's order dismissing this action and remand for further proceedings.  We decline to consider issues raised by the parties on appeal that have not yet been ruled on by the district court.

VACATED and REMANDED.